# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2724 | **DATE** | 5/2/2012 |
| **CASE TITLE** | Luster vs. Children's Memorial Hospital et al. | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application for leave to proceed *in forma pauperis* [4] is granted and the Court requests that the U.S. Marshal's office serve Plaintiff's complaint [1]. Plaintiff's motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Along with a complaint [1], Plaintiff Randa Luster has filed an application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5]. The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious, states a claim upon which relief may be granted, and does not seek monetary relief from a defendant who is immune from such relief. See generally 28 U.S.C. § 1915(a)(1). The Court relies on the financial affidavit filed along with the *in forma pauperis* application to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). To measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2012 for the 48 contiguous states and the District of Columbia set the poverty level for a family of six at an annual income level of $30,970.

In her application and financial affidavit, Plaintiff avers that she currently is unemployed. She received child support in the amount of $6,096 over the last twelve months and unemployment in the amount of $21,800 in the last twelve mounts, but does not receive a regular monthly salary or wages. She is the sole support for her five children and grandchildren. Based on those representations, the Court grants Plaintiff's application for leave to proceed *in forma pauperis* [4] and requests that the U.S. Marshals Service effect service of Plaintiff's complaint [1] on Defendant. See Fed. R. Civ. P. 4(9)(2).

Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Indigent parties in civil rights actions who are unable to obtain an attorney may apply to the court for appointment of counsel under 28 U.S.C.

| STATEMENT |
|---|

§ 1915(e)(1). However, civil litigants have no constitutional or statutory right to counsel in federal court. See *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002); *Merritt v. Faulkner*, 697 F.2d 761, 763 (7th Cir. 1983). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997).

In deciding whether to appoint counsel, a court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the court must consider: (1) whether, given the degree of difficulty of the case, the plaintiff appears competent to try the case himself; and (2) whether the assistance of counsel would provide a substantial benefit to the court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656 (relying on *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). The court should consider the capabilities of the plaintiff to litigate his own case in deciding whether to appoint counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (en banc).

Upon consideration of the pertinent factors, the Court concludes that appointment of counsel is not warranted at this time. It appears that Plaintiff has made reasonable efforts to obtain counsel on her own by inquiring about legal representation with the Cabrni Green Legal Aid Clinic. However, the Court cannot determine at this early stage of the case whether Plaintiff would be capable of litigating this case or whether assistance of counsel would provide a substantial benefit tot he Court or to the parties. Therefore, Plaintiff's motion for appointment of counsel [5] is denied without prejudice. Plaintiff may renew the motion – and, indeed, the Court may reconsider the issue of appointment of counsel on its own motion – after Defendant files a responsive pleading or at any later stage of the case if it appears that the standards set forth in *Pruitt* and *Gil* are satisfied.